907 F.2d 159
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elvoid WALKER, Petitioner,
v.
DEPARTMENT of the AIR FORCE, Respondent.
 No. 90-3124.
 United States Court of Appeals, Federal Circuit.
 June 19, 1990.
 
 Before RICH and PAULINE NEWMAN, Circuit Judges, and COWEN, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Elvoid Walker appeals from the January 13, 1988 Initial Decision of the Administrative Judge (AJ) in Docket No. DA07528710642, which became the final decision of the Merit Systems Protection Board (Board) when the Board declined review on June 10, 1988. This appeal was timely filed with the United States District Court for the Western District of Texas, which transferred the case to this court pursuant to 28 USC 1631. We affirm the Board's decision.
 
 OPINION
 
 2
 Mr. Walker repeatedly stresses to this court that he was acquitted of murder charges based on his defense of self-defense. However, we do not find this fact very probative for two reasons. One, the burdens of proof in a criminal trial are very different than in a Board hearing. Second, Walker was not removed from his position because he had committed murder, but because his actions in Tucker's Kozy Korner Cafe on April 24, 1986 greatly impaired Walker's ability to do his job and the ability of his co-workers to work with him.
 
 
 3
 Walker does not seriously contend that his off-duty conduct is not of sufficient severity to presume a nexus between his conduct and his on-duty performance, including how his conduct affects the performance of his co-workers and those who attend the Family Support Center. Instead, he attacks the evidence presented by the government to show that there was, in fact, an adverse affect on his job performance based on a loss of faith and confidence in Walker by his co-workers. First, we do not agree with Walker that this evidence is not "substantial evidence" sufficient to support a finding of nexus. But more importantly, since that nexus can be presumed, it is Walker's burden to prove that there was, in fact, no nexus between his off-duty conduct and his job performance. The only such evidence that Walker points to is the testimony of his psychiatrist, Dr. Kalter. However, Dr. Kalter's testimony at best only shows that Walker's conduct will not affect him personally in the future; it does not show that there will be no affect on the ability of Walker's co-workers to work with him.
 
 
 4
 We find Walker's other arguments equally unpersuasive.